1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

RITA ACOSTA, et al.,

        Plaintiffs,

    v.

CITY OF SALINAS,

        Defendant.

Case No. 15-CV-05415-LHK

**ORDER DENYING WITHOUT PREJUDICE *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 1-12

On November 24, 2015, Plaintiffs[1] filed the instant action against the City of Salinas.  ECF No. 1 ("Compl.").   Plaintiffs included, with Plaintiffs' complaint, a declination to magistrate judge jurisdiction.  ECF No. 1-15.  Accordingly, the Clerk reassigned this action to the undersigned judge on November 25, 2015.  ECF No. 3.  Before the Court is Plaintiffs' *ex parte* application for a temporary restraining order, ECF No. 1-12 ("TRO"), which Plaintiffs also included as an attachment to Plaintiffs' complaint.  For the reasons that follow, Plaintiffs' *ex parte* application is DENIED without prejudice.

    Plaintiffs allege that, on October 13, 2015, the City of Salinas enacted Ordinance No. 2564 ("Ordinance"), which "prohibits the placing of 'bulky items' on public property."  Compl. ¶ 6.

---

[1] The named Plaintiffs are Rita Acosta, Bessie Taylor, Van Gresham, Cherie Hernandez (the complaint's case caption states "Herandez," but all other documents state "Hernandez"), John Lerma, Joseph Blains, and William Silas.

1

Case No. 15-CV-05415-LHK
ORDER DENYING WITHOUT PREJUDICE *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

1  According to Plaintiffs, the Ordinance took effect on November 12, 2015.[2]  *Id.*

2  As a result of this Ordinance, Plaintiffs argue that "the City is now reviewing bids from

3  contractors who are expected to carry out a dramatically escalated campaign to 'sweep' homeless

4  encampments, bulldozing possessions into dump trucks or otherwise confiscating unabandoned

5  personal property." *Id.* ¶ 7.  The named Plaintiffs are all homeless individuals residing in Salinas

6  who allege that they will suffer irreparable harm from enforcement of the Ordinance.  *See id.* ¶¶

7  16–22; TRO at 17.  Accordingly, Plaintiffs request a temporary restraining order to enjoin the City

8  of Salinas and "its agents, servants, employees, attorneys, employees and all others acting in

9  concert . . . from implementing Ordinance 2564."  ECF No. 1-13 at 1–2.

10  Although the Court recognizes the gravity of the issues raised by Plaintiffs, the Court

11  denies without prejudice Plaintiffs' *ex parte* application for a temporary restraining order because

12  the application fails to comply with the requirements of Federal Rule of Civil Procedure 65(b)(1)

13  and Civil Local Rule 5-1.

14  Federal Rule of Civil Procedure 65(b)(1) provides that:

15  The court may issue a temporary restraining order without written or oral notice
16  to the adverse party or its attorney only if:

17      (A) specific facts in an affidavit or a verified complaint clearly show that
        immediate and irreparable injury, loss, or damage will result to the movant
18      before the adverse party can be heard in opposition; and

19      (B) the movant's attorney certifies in writing any efforts made to give notice
        and the reasons why it should not be required.

20  Fed. R. Civ. P. 65(b)(1).  Plaintiffs have failed to submit an affidavit or explain in a verified

21  complaint why immediate and irreparable injury will result to Plaintiffs before the adverse party

22  can be heard in opposition as required by Rule 65(b)(1)(A).  Moreover, Plaintiffs have not

23  complied with the requirements of Rule 65(b)(1)(B).

24  In addition, Plaintiffs did not comply with Civil Local Rule 5-1, which provides that

---

[2] As stated in the Ordinance, the Ordinance's effective date is the 31st day following its adoption
on October 13, 2015, which the Court believes would be November 13, 2015.  ECF No. 1-4 at 4.

2

Case No. 15-CV-05415-LHK
ORDER DENYING WITHOUT PREJUDICE *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING
ORDER

1  "[c]ourtesy copies of motions for temporary restraining orders or other emergency ex parte relief,

2  oppositions to such motions, and replies to such motions must be delivered to the Clerk's Office

3  no later than noon on the court day following the day that those documents were electronically

4  filed."[3]  Civ. L. R. 5-1(e)(7)(C).

5          Accordingly, Plaintiffs' *ex parte* application for a temporary restraining order is DENIED

6  without prejudice.

7  **IT IS SO ORDERED.**

8  Dated: November 25, 2015

9                                                    _Lucy H. Koh_

10                                                   _____
                                                     LUCY H. KOH
                                                     United States District Judge

---

[3] The Court notes that the Clerk's Office is closed tomorrow, November 26, 2015, for the
Thanksgiving holiday.

3

Case No. 15-CV-05415-LHK
ORDER DENYING WITHOUT PREJUDICE *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING
ORDER

United States District Court
Northern District of California