UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RITA ACOSTA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SALINAS,<br><br>    Defendant. | Case No. 15-CV-05415-LHK<br><br>**ORDER DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION AND ORDER DENYING MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 13, 41 |

Plaintiffs[1] bring this putative class action against Defendant City of Salinas ("Defendant" or "the City"). Before the Court is Plaintiffs' motion for a preliminary injunction. ECF No. 13 ("Mot."). The Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and thus VACATES the motion hearing set for March 3, 2016, at 1:30 p.m. The case management conference, currently scheduled for March 3, 2016, at 1:30 p.m., remains as set.[2] Having considered the parties' submissions, the relevant law, and the record in this case, the

---

[1] The named Plaintiffs are Rita Acosta, Van Gresham, Cherie Hernandez, William Silas, Bessie Taylor, Joseph Blains, and John Lerma. ECF No. 1 ¶¶ 16–22.
[2] On February 25, 2016, Defendant filed a motion to continue the March 3, 2016 case management conference. ECF No. 41. This motion is DENIED.

1
Case No. 15-CV-05415-LHK
ORDER DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION AND ORDER DENYING MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE

Court DENIES AS MOOT Plaintiffs' motion for a preliminary injunction.

## I. BACKGROUND

### A. Factual Background

On October 13, 2015, Defendant enacted Ordinance 2564. ECF No. 1-4 ("Ordinance 2564"). According to the Salinas City Attorney, the purpose of Ordinance 2564 is to "prevent[] the misappropriation of City property for personal use" and "to promote[] . . . public health and safety by ensuring that City property remains in [] clean, sanitary, and accessible condition." *Id.* at 1. Specifically, Ordinance 2564 "articulates the process to remove unauthorized, stored personal property, including specifying the requirements for removal notice, the process for the owner to claim the personal property, and the amount of time removed personal property will be held by the City, as well as the conditions upon which such property may be discarded by the City." *Id.*

Notably, Ordinance 2564 defines a "bulky item" as "any item that is too large to be handled by normal collection, processing or disposal methods including, but not limited to, a mattress, couch, chair or other furniture or appliance." *Id.* Ordinance 2564 further provides that "[t]he City may remove and discard any bulky item from City Property without prior notice." *Id.* at 2. Ordinance 2564 was initially scheduled to take effect on November 13, 2015. *Id.* at 5.

On December 1, 2015, Defendant adopted Resolution 20844, which provides an "Administrative Procedure for the . . . implementation of Ordinance 2564." ECF No. 13-6 ("Resolution 20844") at 3. In addition, on December 1, 2015, Defendant entered into an agreement with a private contractor to assist with the execution and implementation of Ordinance 2564 and Resolution 20844. ECF No. 13-7. In this agreement, Defendant included a number of additional guidelines on how to identify property for disposal and storage. *Id.* at 25. Specifically, this agreement provides that "[d]irty or [s]oiled" items and "broken or disassembled" items should be regarded as "trash" and should be discarded. *Id.*

Plaintiffs are "seven homeless individuals living in the City of Salinas." ECF No. 1 ¶ 11. Plaintiffs allege that, "[o]ver the past two years, their personal possessions [have been] confiscated

2

Case No. 15-CV-05415-LHK
ORDER DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION AND ORDER DENYING
MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE

1  and presumably destroyed by [City] employees . . . as part of an ongoing practice targeting the
2  homeless in the city." *Id.* In Plaintiffs' view, "the passage of [Ordinance 2564 and Resolution
3  20844] only augments the danger that the personal property of the homeless residents of the City
4  of Salinas will [be] seized" in violation of federal and state law. *Id.* ¶ 14.

### B. Procedural History

On November 24, 2015, Plaintiffs filed their original complaint in this case. ECF No. 1 ("Compl."). Plaintiffs included, with Plaintiffs' complaint, an *ex parte* application for a temporary restraining order. ECF No. 1-12. This *ex parte* application sought to "bar the City of Salinas . . . from seizing, storing and/or immediately and/or subsequently destroying the personal property including so-called 'bulky items' belonging to homeless individuals living without shelter in the City of Salinas" pursuant to Ordinance 2564. *Id.* at 8. On November 25, 2015, the Court denied Plaintiffs' *ex parte* application without prejudice. ECF No. 5. As the Court noted, Plaintiffs' application had "fail[ed] to comply with the requirements of Federal Rule of Civil Procedure 65(b)(1) and Civil Local Rule 5-1." *Id.* at 2.

On December 22, 2015, Plaintiffs filed the instant motion for a preliminary injunction. Plaintiffs' motion focuses on two aspects of Ordinance 2564 and Resolution 20844. First, with respect to Ordinance 2564, "the ordinance authorizes *immediate* seizure and discard or destruction, *without notice*, of any 'bulky item.'" Mot. at 2. According to Plaintiffs, the "bulky item" provisions in Ordinance 2564 are facially invalid under the Fourth and Fourteenth Amendments and are impermissibly vague. Second, with respect to Resolution 20844, Plaintiffs contend that "the enforcement guidelines indicate that the City will not store any items 'that smell, are stained with . . . mud,' or are 'broken, damaged, or stripped of parts.'" *Id.* These "smelly or damaged" provisions are also, according to Plaintiffs, facially invalid under the Fourth and Fourteenth Amendments and are impermissibly vague.

On January 8, 2016, Defendant filed a response to Plaintiffs' motion. ECF No. 17. In addition, on January 8, 2016, the parties stipulated that "Defendant . . . [would] not enforce

United States District Court
Northern District of California

3

Case No. 15-CV-05415-LHK
ORDER DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION AND ORDER DENYING
MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE

Ordinance [] 2564 or otherwise conduct cleanups, removals, or collections of homeless persons' property prior to March 3, 2016"—the hearing date for Plaintiffs' preliminary injunction motion—"absent an immediate and serious risk to public health or safety." ECF No. 19 at 2. Plaintiffs' filed a reply on January 19, 2016. ECF No. 24.

On February 11, 2016, Defendant alerted the Court that Defendant had repealed Ordinance 2564 and Resolution 20844 during a City Council meeting on February 9, 2016. ECF No. 31. Defendant had replaced Ordinance 2564 and Resolution 20844 with Ordinance 2567 and Resolution 20908, respectively. *Id.* at 2. According to Defendant, Ordinance 2567 and Resolution 20908 do not contain the "bulky item" and "smelly or damaged" provisions at issue, and thus render moot Plaintiffs' motion for a preliminary injunction.[3] In light of these circumstances, the Court ordered the parties to submit five-page briefs on whether Ordinance 2567 and Resolution 20908 moots Plaintiffs' motion for a preliminary injunction. Plaintiffs filed their supplemental brief on February 18, 2016, ECF No. 38 ("Pls. Supp. Br."), and Defendant filed its supplemental brief on February 22, 2016, ECF No. 40 ("Def. Supp. Br.").

## II.   LEGAL STANDARD

### A. Preliminary Injunction

Preliminary injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council,* 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The party seeking the injunction bears the burden of proving the requisite elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). The issuance of a preliminary injunction is in the district court's discretion. *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1105

---

[3] Defendant filed copies of Ordinance 2567 and Resolution 20908 with the Court on February 17, 2016. ECF No. 36.

4
Case No. 15-CV-05415-LHK
ORDER DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION AND ORDER DENYING MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE

(9th Cir. 2010).

## III. DISCUSSION

### A. "Bulky Item" and "Smelly or Damaged" Provisions

#### 1. "Bulky Item" Provisions

Plaintiffs' motion requests that the Court prevent Defendant from enforcing Ordinance 2564's "bulky item" provisions and Resolution 20844's "smelly or damaged" provisions. As to the "bulky item" provisions, Plaintiffs' primary contention is that the provisions in Ordinance 2564 are facially invalid under the Fourth and Fourteenth Amendments because they "permit[] the deprivation of [Plaintiffs'] personal property without notice and without a pre- or post-deprivation hearing." Mot. at 9. Ordinance 2564, for instance, states that "[t]he City may remove and discard any bulky item from City Property without prior notice." Ordinance 2564 at 2. By contrast, non-bulky items may only be removed from City Property after notice is issued. *Id.* at 4. In addition, a non-bulky item that is removed will be stored by the City for up to 90 days, during which time an individual may reclaim the removed item. *Id.* at 5.

Plaintiffs also argue that the "bulky item" provisions are impermissibly vague because "bulky items" are defined as "any item that is too large to be handled by normal collection, processing or disposal methods." Ordinance 2564 at 1. Consequently, Plaintiffs contend that this "amorphous definition" leaves "individuals guessing at what falls within [Ordinance 2564's] scope." *Id.* at 13–14.

As Plaintiffs acknowledge, however, Ordinance 2564 was "repealed and replaced" by Ordinance 2567. Pls. Supp. Br. at 1–2. Notably, Ordinance 2567 removes the provisions in Ordinance 2564 which provided for the seizure and disposal of "bulky items" without notice. ECF No. 36-1 ("Ordinance 2567") at 5–6. In addition, Ordinance 2567 now defines "bulky item" as "personal property that is too large to be placed in a garbage receptacle with a 96-gallon capacity." *Id.* at 4. Thus, Ordinance 2567 provides Plaintiffs with the injunctive relief that they seek: the provisions that provide for the discard of "bulky items" without notice have been

United States District Court
Northern District of California

removed, and Defendant has provided additional detail on what constitutes a "bulky item."

### 2. "Smelly or Damaged" Provisions

Plaintiffs assert substantially similar arguments with respect to the "smelly or damaged" provisions. As with the "bulky item" provisions, Plaintiffs contend that the "smelly or damaged" provisions in Resolution 20844 violate the Fourth and Fourteenth Amendments and are impermissibly vague. *See, e.g.*, Mot. at 17–18 ("The challenged guideline provisions offend due process for exactly the same reason as the bulky-item provisions: They allow the destruction of property without any pre- or post-deprivation hearing based on nothing more than an unchallengeable determination that the property is smelly, dirty, broken, or damaged.").

Again, as with Ordinance 2564, Resolution 20844 was repealed and replaced by Resolution 20908. Resolution 20908 removes the "smelly or damaged" provisions that were in Resolution 20844. Resolution 20908 at 4. Thus, Resolution 20908 also provides Plaintiffs with the injunctive relief that they seek: the "smelly or damaged" provisions have now been removed from Defendant's administrative guidelines.

### 3. Legal Analysis

Defendant's decision to repeal and replace Ordinance 2564 and Resolution 20844 with Ordinance 2567 and Resolution 20908 renders moot Plaintiffs' request for a preliminary injunction. As the Ninth Circuit has observed, "Article III mandates that there be a live case or controversy when a federal court decides a dispute." *Renee v. Duncan*, 686 F.3d 1002, 1016 (9th Cir. 2012) (internal quotation marks omitted."). An action is "moot when a challenged statute or regulation is repealed, expires, or is amended to remove the challenged language." *Id.* (internal quotation marks omitted); *see also Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 901 (9th Cir. 2007) ("A statutory change . . . is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.").

In *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1165 (9th Cir. 2011), for instance, plaintiff brought suit in order to challenge the constitutionality of 10 U.S.C. § 654, a

statutory provision commonly known as "Don't Ask, Don't Tell." While plaintiff's case was pending appeal, Congress repealed "Don't Ask, Don't Tell." In light of Congress' decision to repeal "Don't Ask, Don't Tell," the Ninth Circuit held that plaintiff's suit was now moot. As the Ninth Circuit explained, "[i]f [plaintiff] filed suit today seeking a declaration that section 654 is unconstitutional or an injunction against its application (or both), there would be no Article III controversy because there is no section 654." *Id.* at 1066. "The repeal, in short, gave [plaintiff] everything its complaint hoped to achieve." *Id.* (internal quotation marks omitted). Thus, "[t]here is no longer a present, live controversy of the kind that must exist for us to reach [a decision on] the merits." *Id.* (internal quotation marks omitted).

Here, as in *Log Cabin Republicans*, there is nothing for the Court to enjoin because the contested legal provisions in Ordinance 2564 and Resolution 20844 have now been repealed. The recent legal measures that have been enacted in their place—Ordinance 2567 and Resolution 20908—do not contain the "bulky item" and "smelly or damaged" provisions at issue. Thus, just like the repeal of § 654 in *Log Cabin Republicans*, Ordinance 2567 and Resolution 20908 have given Plaintiffs "everything" that their motion for a preliminary injunction "hoped to achieve." *Id.* at 1066 (internal quotation marks omitted). Accordingly, the Court DENIES AS MOOT Plaintiffs' motion for a preliminary injunction.

**B. New Challenges to "Health or Safety" Provisions**

Although Plaintiffs acknowledge that Ordinance 2567 and Resolution 20908 repealed and replaced Ordinance 2564 and Resolution 20844, Plaintiffs nonetheless contend that their motion for a preliminary injunction is not moot because the new legal measures allow personal property to be "remove[d] and discard[ed] . . . without prior notice" in the event such "property . . . poses an immediate threat to the health or safety of the public." Pls. Supp. Br. at 2. As Plaintiffs point out, Ordinance 2567 states that, "[i]n the event personal property placed on City Property poses an immediate threat to the health or safety of the public . . . the City may remove and discard it without prior notice." Ordinance 2567 at 6. In addition, the preamble of Ordinance 2567 states

7

Case No. 15-CV-05415-LHK
ORDER DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION AND ORDER DENYING
MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE

that "an immediate and serious risk to public health or safety presently exists in the Chinatown area [of Salinas]." *Id.* at 4. Because several of the named Plaintiffs reside in Chinatown, Plaintiffs argue that Ordinance 2567 and Resolution 20908 will continue to allow Defendant to seize and discard Plaintiffs' property without notice, even though the "bulky item" and "smelly or damaged" provisions have now been removed.

The Court need not consider Plaintiffs' challenge to Ordinance 2567's "health or safety" provisions for purposes of deciding the instant motion. As the Ninth Circuit has noted, "[i]t is well established . . . that [parties] cannot raise a new issue for the first time in their reply briefs." *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). Here, Plaintiffs did not raise any arguments as to Ordinance 2567's "health or safety" provisions in either their motion or in their reply brief. Plaintiffs asserted such arguments for the first time after the Court ordered the parties to file supplemental briefing. Accordingly, pursuant to *Eberle*, the Court can not consider arguments that were neither raised in Plaintiffs' motion nor in Plaintiffs' reply, but were instead raised for the first time in a supplemental brief.

Moreover, Plaintiffs here could have challenged the "health or safety" provisions at issue in their preliminary injunction motion. Indeed, although Ordinance 2567 repealed and replaced Ordinance 2564, both Ordinance 2567 and Ordinance 2564 contain the same "health or safety" provisions that Plaintiffs now seek to challenge. *See* Ordinance 2564 at 4 ("In the event personal property placed on City Property poses an immediate threat to the health or safety of the public . . . the City may remove and discard it without prior notice."); Ordinance 2567 at 6 (same). Thus, had Plaintiffs sought to enjoin Defendant from enforcing these "health or safety" provisions, Plaintiffs could have asserted any such arguments in the instant motion for a preliminary injunction.

Furthermore, the Court notes that Plaintiffs' December 22, 2015 proposed preliminary injunction order and Plaintiffs' January 8, 2016 stipulation with Defendant incorporate the now disputed "health or safety" provisions. Specifically, Plaintiffs' proposed preliminary injunction

8

Case No. 15-CV-05415-LHK
ORDER DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION AND ORDER DENYING
MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE

order requests that "Defendant . . . [be] enjoined from discarding or destroying property belonging to homeless persons *except those items that constitute an immediate and serious risk to public safety and/or public health*." ECF No. 13-1 at 2 (emphasis added). The parties' January 8, 2016 stipulation states that "Defendant . . . [would] not enforce Ordinance [] 2564 . . . prior to March 3, 2016, *absent an immediate and serious risk to public health or safety*." ECF No. 19 at 2. (emphasis added). Thus, it is clear that Plaintiffs never previously challenged Ordinance 2564's "health or safety" provisions.

Accordingly, the Court finds that Plaintiffs' challenge to Ordinance 2567's "health or safety" provisions is improper. Thus, the Court need not, for purposes of the instant motion for a preliminary injunction, consider Plaintiffs' challenge to these "health or safety" provisions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated:  February 29, 2016

_____
LUCY H. KOH
United States District Judge

9

Case No. 15-CV-05415-LHK
ORDER DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION AND ORDER DENYING MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE