UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RITA ACOSTA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF SALINAS,<br><br>        Defendant. | Case No. 15-CV-05415-LHK<br><br>**ORDER DENYING *EX PARTE* MOTIONS FOR ADMINISTRATIVE RELIEF**<br><br>Re: Dkt. Nos. 57, 58 |

On March 7, 2016, Plaintiffs filed an *ex parte* motion for administrative relief to "extend the deadline for filing Plaintiffs' motion for a temporary restraining order." ECF No. 57. Later that same day, Plaintiffs filed another, substantially identical *ex parte* motion for administrative relief seeking the same deadline filing extension. ECF No. 58.[1]

Civil Local Rule 7-10 states that "a party may file an *ex parte* motion . . . only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to

---

[1] The only apparent difference between these two *ex parte* motions is that Plaintiffs' second *ex parte* motion includes the following statement above Plaintiffs' counsel's signature: "Under penalty of perjury under the laws of the United States I declare that the foregoing is a true and correct statement." ECF No. 58 at 3.

approach the Court on an *ex parte* basis." Civil L.R. 7-10.  In addition, any *ex parte* motion "must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." *Id.*

Plaintiffs' *ex parte* motions fail to comply with Civil Local Rule 7-10.  Indeed, in neither motion have Plaintiffs "include[d] a citation [to] the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." *Id.*  Accordingly, the Court DENIES Plaintiffs' *ex parte* motions for administrative relief.

The Court observes that this is not the first time that the parties have sought to file documents in this action on an *ex parte* basis.  Furthermore, this is not the first time the Court has denied an *ex parte* motion because the motion fails to comply with the pertinent procedural requirements.  During the March 3, 2016 case management conference, the Court emphasized that too many documents were being filed on an *ex parte* basis in this action, and that, given the gravity of the issues presented, the Court would like to hear from both parties going forward.  ECF No. 52.  The parties agreed with the Court's assessment.  Accordingly, the Court again emphasizes that *ex parte* filings in this action are strongly discouraged.

**IT IS SO ORDERED.**

Dated:  March 7, 2016

_____
LUCY H. KOH
United States District Judge